UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STANLEY CORKER,

    Plaintiff,

v.                                                         Case No. 8:08-CV-564-T-27TBM

TIMOTHY CANNON, et al.,

    Defendants.
_____/

**ORDER**

Plaintiff is a prisoner confined at Hardee Correctional Work Camp (hereinafter "HCWC"), Bowling Green, Florida. He initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1).

Plaintiff names Timothy Cannon, Warden at HCWC, Felicia Nobles, Assistant Warden at HCWC, and Esther Bragg and Domma Turner, mail clerks at HCWC, as defendants in this action. Because Plaintiff is seeking redress from governmental employees, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

(a)    Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b)    Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

      (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and those who pay the requisite filing fee. The procedure required by § 1915A is, by its terms, a screening process to be applied *sua sponte*.

The Court finds, for reasons set forth *infra*, that the complaint should be dismissed prior to service of process pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## Discussion

Plaintiff alleges that on July 12, 2007, a correctional officer gave him an unsealed envelope containing a motion for relief from judgment which he had filed in the Circuit Court for the 17th Judicial Circuit of Florida on February 20, 2007, an affidavit of indigency, a blank application for civil indigent status form, and a paper from the court instructing Plaintiff to resubmit the relief from judgment motion. (Dkt. 1 at 8). Plaintiff states that the Clerk of the 17th Judicial Circuit had mailed these materials to him on February 23, 2007. (Dkt. 1 at 9). He states that prior to receiving these materials, another inmate had told him that he saw some of Plaintiff's legal papers in the trash and took the papers out of the trash and gave them to a HCWC classification officer.

Plaintiff claims that as a result of the delay in receiving his legal mail, he suffered "excessive mental stress in litigating [his] civil case in a timely manner" and "some irreparable financial loss in recovering my financial interest in my personal and real property that was awarded to my ex-spouse without my knowledge." (Dkt. 1 at 10).

Plaintiff asserts that because Defendants "misplaced and abandoned" his legal mail, they

denied him his right under the Fourteenth Amendment to due process and meaningful access to the courts. (Dkt. 1 at 8). He also complains that Defendants failed to follow "normal operating procedures" when they processed his legal mail.[1] (Dkt. 1 at 10). For relief, Plaintiff seeks monetary damages from Defendants to compensate him "for excessive mental stress suffered, loss of financial interest suffered due to excessive delay and hindering plaintiff to litigate civil case..." (Dkt. 1 at 11).

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A Plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks. "[E]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *See also, Pontier v. City of Clearwater, Fla.*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

**Access to Courts Claim**

Prisoners have a right to access to the courts under the Fourteenth Amendment. *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir.1998)(citing *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). A prisoner raising an access-to-court claim "must show actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to

---

[1] In his September 2, 2007 grievance, Plaintiff states "[l]egal mail is privileged mail it supposedly [sic] be opened in the presence of the inmate receiving it." (Dkt. 1 at 16).

3

conditions of confinement...'Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.'" *Id.* (citation omitted); *see also Blount v. Kearse*, 2007 U.S. Dist. LEXIS 6399 at *3 (M.D. Ga. Jan. 30, 2007)("The right of access to the courts extends only as far as protecting a prisoner's ability to present pleadings in a nonfrivolous (1) criminal trial or appeal, (2) habeas proceeding, or (3) section 1983 case challenging the condition of his confinement.").

The injury alleged by Plaintiff arose in connection with a state court civil action involving Plaintiff's interest in personal and real property which he claims "was awarded to [his] ex-spouse without [his] knowledge." (*See* Dkt. 1 at page 10). Because Plaintiff has failed to allege that Defendants' conduct impeded him from pursuing a non-frivolous direct or collateral attack on a sentence or a challenge to the conditions of his confinement, Plaintiff has failed to meet the standard for access-to-court claims set forth in *Wilson*. Thus, Plaintiff fails to state an access to courts claim that is cognizable under the Constitution. Accordingly, this claim is subject to dismissal pursuant to 28 U.S.C. § 1915A.

**First Amendment Claim**

Construing Plaintiff's complaint liberally, the Court finds that Plaintiff raises a claim for a denial of his free speech rights under the First Amendment. "[T]he right to send and receive mail exists under the First Amendment." *Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008). "[A] prison inmate 'retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" *Id.* (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). "Interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments

4

to the U.S. Constitution." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). However, "[w]hile a prisoner has a right to be present when his legal mail is opened...an isolated incident of mail tampering is usually insufficient to establish a constitutional violation...Rather, the inmate must show that prison officials 'regularly and unjustifiably interfered with the incoming legal mail.'" *Id.* (citations and quotations omitted); *see also Al-Amin,* 511 F.3d at 1334(a state prison's "pattern and practice" of opening attorney mail outside the inmate's presence impinges upon the inmate's right to freedom of speech). Plaintiff fails to allege that Defendants "regularly and unjustifiably" opened his legal mail outside of his presence and interfered with his legal mail. Accordingly, Plaintiff fails to state a constitutional claim for a violation of his right to receive legal mail.

**Leave to Amend**

Within 30 days, Plaintiff may submit an amended complaint to cure the deficiencies outlined above.[2] The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. An amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint.

---

[2] *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541 (11th Cir. 2002)(en banc)("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint is **DISMISSED** without prejudice for failure to state a claim for which relief can be granted 28 U.S.C. § 1915A(b)(1) (Dkt. 1). Plaintiff has **30 days** from the date of this Order to file an amended complaint in compliance with this Order.

2. If Plaintiff fails to file an amended complaint within 30 days, the **Clerk of Court shall**, without further notice, enter a judgment of dismissal of this action with prejudice.

3. The **Clerk of Court** is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint by a prisoner.

**DONE and ORDERED** in Tampa, Florida, on _April 24th_, 2008.

JAMES D. WHITTEMORE
United States District Judge

SA: sfc

Copies furnished to:
*Pro Se* Plaintiff

6